IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL A. DEMUTH,

               Plaintiff,                       Civil Action Nos.
                                              3:18-CV-0796 (GTS/DEP)
                                              [LEAD]

      v.

NEW YORK STATE POLICE, *et al.*,

               Defendants.

_____

MICHAEL A. DEMUTH,

               Plaintiff,                       Civil Action Nos.
                                              3:18-CV-0936 (LEK/DEP)
                                              [MEMBER]

      v.

NEW YORK STATE POLICE, *et al.*,

               Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

MICHAEL A. DEMUTH, *Pro se*
Chenango County Jail
279 County Road 46
Norwich, NY 13815

<u>FOR DEFENDANTS</u>:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER, REPORT, AND RECOMMENDATION</u>

*Pro se* plaintiff Michael A. Demuth, who is currently an inmate in a local county jail facility, has commenced these two civil rights actions, pursuant to 42 U.S.C. § 1983, against the New York State Police and employees of that agency. Plaintiff's complaints, motions for leave to proceed in the actions *in forma pauperis* ("IFP"), and a request for the appointment of *pro bono* counsel have been forwarded to me for review. Based upon my consideration of those submissions, plaintiff's IFP applications are granted, his request for the appointment of counsel is denied, and the clerk will be directed to consolidate these two lawsuits. In addition, I recommend that plaintiff's complaints in the action be dismissed, with leave to replead.

I.    <u>BACKGROUND</u>

Plaintiff commenced *Demuth v. N.Y. State Police* ("*Demuth I*"), No. 18-CV-0796 (N.D.N.Y. filed July 5, 2018), on or about July 5, 2018, by the filing of a complaint, accompanied by a request for leave to proceed IFP.

*Demuth I*, Dkt. Nos. 1, 2. Because that IFP request was deemed to be incomplete, Chief District Judge Glenn T. Suddaby issued an order administratively closing the action and directing plaintiff to file a completed application or the full filing fee within thirty days of the date of that order. *Demuth I*, Dkt. No. 3. Plaintiff complied with that order by filing a second IFP request, which was again denied by the court as incomplete on July 30, 2018. *Demuth I*, Dkt. No. 7. The court then received the pending motion for IFP status on August 6, 2018. *Demuth I*, Dkt. No. 8. Two days later, on August 8, 2018, the court received plaintiff's complaint and IFP request in *Demuth v. N.Y. State Police* ("*Demuth II*"), No. 18-CV-0936 (N.D.N.Y. filed Aug. 8, 2018). In connection with *Demuth II*, plaintiff also filed the currently pending motion to appoint *pro bono* counsel to represent him. *Demuth II*, No. 18-CV-0936, Dkt. No. 4.

As defendants, plaintiff's complaint in *Demuth I* names the New York State Police, Investigator R. Quick, Investigator Allen, Investigator Soden, Sergeant Thatford, and Trooper Mattice. *Demuth I*, Dkt. No. 1. In *Demuth II*, the complaint names the same defendants as in *Demuth I*, except that it leaves out defendant Mattice and adds Trooper Morris, Investigator Kilpatrick, and the Town of Norwich. *Demuth II*, Dkt. No. 1.

Plaintiff's claims in both actions stem from events that occurred on

April 25, 2018, when the individual defendants allegedly visited plaintiff's home to investigate plaintiff for "harassment" and subsequently observed materials in an open shed and elsewhere on the property "that were previously used and burnt [sic]. . . to manufacture [methamphetamine]." *Demuth I*, Dkt. No. 1 at 2. The complaints allege that the individual defendants then arrested plaintiff on the harassment charge. *Demuth I*, No. 1 at 2. After plaintiff was transported to the New York State Troopers barracks, located in the Town of Norwich, defendants allegedly obtained a search warrant to search plaintiff's home and thereafter executed the search warrant. *Demuth I*, Dkt. No. 1 at 3; *Demuth II*, Dkt. No. 1 at 3.

Liberally construed, plaintiff's complaints assert unlawful search and seizure causes of action arising under the Fourth Amendment, as well as state common law claims of false arrest and defamation, against all of the defendants. *See generally Demuth I*, Dkt. No. 1; *Demuth II*, Dkt. No. 1. As relief, plaintiff seeks compensatory damages and a declaratory judgment. *Id.*

II.    DISCUSSION

A.    IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]  In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

B.    Consolidation of *Demuth I* and *Demuth II*

As a matter of judicial discretion, a court may choose to preclude a plaintiff from pursuing an action that is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Taking such action avoids duplicative litigation, promotes judicial economy, and

---

[1]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

protects parties from "'the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 1 (instructing courts and litigants to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, F.3d at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). Courts retain the discretion to choose which of these courses of action to take. *Id.* at 139.

In this instance, based upon the common identity of the defendants, as well as the fact that the claims in both *Demuth I* and *Demuth II* arise from the same factual allegations, the two lawsuits will be consolidated in order to avoid the risks associated with duplicative actions and prevent defendants from having to defend against two actions involving overlapping factual allegations. The lead case is designated as *Demuth I*,

6

and the member case will be transferred from District Judge Lawrence E.
Kahn to Chief District Judge Glenn T. Suddaby.

C.    Sufficiency of Plaintiff's Complaints

1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for
commencing this case IFP, I must next consider the sufficiency of the
claims set forth in his complaints in light of 28 U.S.C. § 1915(e). Section
1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that . . . the action . . .
(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be
granted; or (iii) seeks monetary relief against a defendant who is immune
from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. §
1915A(b) directs a court to review any "complaint in a civil action in which
a prisoner seeks redress from a governmental entity or officer or employee
of a governmental entity," and to "identify cognizable claims or dismiss the
complaint, or any portion of the complaint, if the complaint . . . is frivolous,
malicious, or fails to state a claim upon which relief may be granted; or . . .
seeks monetary relief from a defendant who is immune from such relief."
28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d
Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to

prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e), 1915A, the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2.    Analysis

a.    New York State Police

The New York State Police is an agency of the State of New York and cannot be sued directly. "[A] department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amenable to suit[.]" *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999); *see also Turczyn ex rel. McGregor v. City of Utica*, No. 13-CV-1357, 2014 WL 6685476, at *2 (N.D.N.Y. Nov. 26, 2014) (Sharpe, J.)

(dismissing the defendant-police department on the same basis). Although I would ordinarily recommend that, for the sake of judicial efficiency, the court substitute the State of New York in place of the New York State Police, the State of New York is immune from suit and, accordingly, I recommend dismissal of plaintiff's claims asserted against the New York State Police. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 (1984) ("[W]hen the State itself is named as the defendant, a suit . . . against [it] is barred regardless of whether it seeks damages or injunctive relief.").

### b.    Town of Norwich

Although plaintiff's complaint in *Demuth I* names the Town of Norwich as a defendant, there are no allegations concerning or implicating the Town of Norwich. Accordingly, I recommend that all claims that may be construed as being asserted against the Town of Norwich be dismissed.

### c.    Constitutional Claims Asserted Against the Individual Defendants

Plaintiff's complaints assert Fourth Amendment claims against the individuals pursuant to 42 U.S.C. § 1983. *See generally*, *Demuth I*, Dkt. No. 1; *Demuth II*, Dkt. No. 1. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

11

damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 622, 683 (2009) ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

A careful review of the complaints in both *Demuth I* and *Demuth II* reveals that the allegations in those pleadings fails to detail the personal involvement of any of the individual defendants in the conduct giving rise to plaintiff's claims. By way of example, although plaintiff's complaint in *Demuth I* alleges that "the Norwich State Troopers were at [his] residents [sic]," there is no description of who, in particular arrived at plaintiff's home

or who, later on, applied for and executed the unlawful search warrant. *Demuth I*, Dkt. No. 1 at 2-3; *see also Demuth II*, Dkt. No. 1 at 2-3. The vague references to New York State troopers and/or investigators as a group does not satisfy the personal involvement requirement because the law requires that litigants plead "precisely who did what and how such behavior is actionable under the law." *Hendrickson*, 1994 WL 23069, at *3.

Because plaintiff's complaints in these actions fail to allege sufficient facts to implicate the personal involvement of any of the individual defendants, I recommend that the section 1983 damage claims asserted against those defendants be dismissed.

With respect to plaintiff's section 1983 claims against the individual defendants seeking "an order declaring that the defendants have acted in violation of the United States Constitution," *Demuth I*, Dkt. No. 1 at 3; *see also Demuth II*, Dkt. No. 1 at 3, those claims are also subject to dismissal for lack of personal involvement because only claims seeking *prospective* declaratory relief are permissible. *See, e.g., Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988). In this case, plaintiff specifically requests retrospective declaratory relief. *See Demuth I*, Dkt. No. 1 at 3; *Demuth II*, Dkt. No. 1 at 3.

Accordingly, I recommend the section 1983 claims in this action be dismissed for lack of personal involvement.

### d. State Law False Arrest and Defamation Claims

Because I have recommended that plaintiff's section 1983 claims be dismissed, the final question to be addressed is whether the court should exercise supplemental jurisdiction over plaintiff's state law claims asserted in his complaints. A federal court is authorized to decline supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed pursuant to 28 U.S.C. 1367. 28 U.S.C. 1367(c)(3); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *Stephenson v. Albany Cnty. Policymakers*, No. 09-CV-0326, 2009 WL 2922805, at *2 (N.D.N.Y. Aug. 14, 2009) (Treece, M.J.), *report and recommendation adopted by* 2009 WL 3232294 (N.D.N.Y. Oct. 2, 2009) (Kahn, J.).

A district court may, in its discretion, entertain supplemental jurisdiction over state law claims, even where all federal causes of action have been dismissed, to further "'fairness' or 'judicial efficiency,' or to resolve any 'novel or unsettled issues of state law.'" *Trade Wind Distrib., LLC v. Unilux Ag*, No. 10-CV-5716, 2011 WL 4382986, at *8 (E.D.N.Y. Sep. 20, 2011) (quoting *Mauro v. S. New England Telecomms., Inc.*, 208

F.3d 384, 388 (2d Cir. 2000)). "[I]n the usual case in which all federal-law claims are eliminated before trial, [however,] the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *accord Kroshnyi*, 2014 WL 5572456, at *5.

These cases were only recently commenced, and the events underlying them occurred in the recent past. In my view, there is no reason to exercise supplemental jurisdiction over the state law claims, and therefore recommend their dismissal.

D.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be

able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report with respect to the claims asserted against the New York State Police are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaints. Accordingly, because I find that any amendment that might be offered by plaintiff concerning that defendant would be futile, I recommend against granting him leave to amend. With respect to the other claims asserted against the remaining defendants, however, I recommend that plaintiff be afforded an opportunity to amend his pleadings.

If plaintiff chooses to avail himself of the opportunity amend, he should consider whether voluntary dismissal of one of the actions is appropriate and inclusion of all of the defendants implicated in the two lawsuits should be named in one single lawsuit.[3] Plaintiff should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that

---

[3]    In the event plaintiff files amended complaints in both *Demuth I* and *Demuth II* that are accepted for filing, as discussed above in Part III.B. of this order, report, and, recommendation, the two actions will remain consolidated and *Demuth I* will remain designated the lead case.

they were tangibly connected to those deprivations. *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986). Plaintiff is informed that any such amended

complaint will replace the existing complaint, and must be a wholly

integrated and complete pleading that does not rely upon or incorporate by

reference any pleading or document previously filed with the court. *See*

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is

well established that an amended complaint ordinarily supersedes the

original, and renders it of no legal effect." (quotation marks omitted)).

Finally, plaintiff is reminded that, pursuant to Rule 10 of the Federal Rules

of Civil Procedure, any amended complaints "must state its claims . . . in

numbered paragraphs, each limited as far as practicable to a single set of

circumstances." Fed. R. Civ. P. 10(b).

    E.   Appointment of Counsel

    In *Demuth II*, plaintiff has also filed a request for the appointment of

counsel to represent him in this matter *pro* bono. *Demuth II*, Dkt. No. 4.

The statute that governs IFP proceedings provides, in relevant part, that

"[t]he court may request an attorney to represent any person unable to

afford counsel." 28 U.S.C. § 1915(e)(1); *see Hodge v. Police Officers*, 802

F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that

counsel be appointed for every indigent civil litigant. Although the United

States Constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge,* 802 F.2d at 60. Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

There is no bright line test to be applied when a *pro se*, indigent civil litigant seeks appointment of counsel. *Hendrix v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the

Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . ., the
> district judge should first determine whether the
> indigent's position seems likely to be of substance.
> If the claim meets the threshold requirement, the
> court should then consider the indigent's ability to
> investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination
> will be the major proof presented to the factfinder,
> the indigent's ability to present the case, the
> complexity of the legal issues and any special
> reason in that case why appointment of counsel
> would be more likely to lead to a just determination.

*Hodge*, 802 F.3d at 61-62. In weighing these factors, each case must be

decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974

(N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 651). Of these

criteria, the Second Circuit has "stressed the importance of the apparent

merits of the indigent's claims." *Cooper*, 877 F.2d at 172. While a plaintiff

need not demonstrate that he can win his case without the aid of counsel,

he does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-

CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

This action was only recently commenced, and, as was discussed

above, I am recommending that the court dismiss the complaints in both

actions as failing to survive threshold review under 28 U.S.C. §§ 1915(e),

1915A. This is a clear indication that the matters are not likely of substance. For that reason, plaintiff's request for the appointment of counsel is denied without prejudice in the event the action proceeds.

III.   SUMMARY AND CONCLUSION

Plaintiff's applications for leave to proceed in these actions IFP is complete and reflects that plaintiff qualifies for that status. Plaintiff's application for appointment of counsel, however, is denied, without prejudice, in light of my recommendation that the complaints in both *Demuth I* and *Demuth II* be dismissed. Finally, the New York State Police is not an entity subject to suit, and plaintiff's complaints fail to allege sufficient facts implicating the other named defendants.

Based upon the foregoing it is hereby

ORDERED as follows:

(1)   Plaintiff's motions for leave to proceed in those actions without prepayment of fees (*Demuth I*, No. 18-CV-0796, Dkt. No. 8; *Demuth II*, No. 18-CV-0936, Dkt. No. 2) are GRANTED.

(2)   The two actions implicated in this order, report, and recommendation (specifically *Demuth I* and *Demuth II*) are CONSOLIDATED. The clerk is respectfully directed to file this order, report, and, recommendation in both *Demuth I* and *Demuth II* and

designate *Demuth I* as the lead case, and to transfer *Demuth II* from

District Judge Lawrence E. Kahn to Chief District Judge Glenn T.

Suddaby, who is the assigned district judge in the earlier filed action. Any

future filings concerning either action shall be filed in the lead case.

(3)     Plaintiff's motion for appointment of counsel (*Demuth II*, No.

18-CV-0936, Dkt. No. 4) is DENIED without prejudice; and it is further

respectfully

RECOMMENDED that plaintiff's complaints in both *Demuth I* and

*Demuth II* be DISMISSED with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report. Such objections must be filed

with the clerk of the court within FOURTEEN days of service of this

report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[4]     If you are proceeding *pro se* and are served with this order, report, and
recommendation by mail, three additional days will be added to the fourteen-day
period, meaning that you have seventeen days from the date the order, report, and
recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If
the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then
the deadline is extended until the end of the next day that is not a Saturday, Sunday, or
legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this order, report, and recommendation upon the parties in accordance with this court's local rules.

Dated:      August 30, 2018
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge